Case number 20-1232 Matthew Nichols v. William Dwyer et al. And case number 20-1803 Matthew Nichols v. William Dwyer et al. All arguments not to exceed 15 minutes per side. Mr. Jamil Aptak for the appellate. Good morning and please accord Jamil Aptak appearing on behalf of the plaintiff appellant Matthew Nichols. Your honor I'd like to start my argument by advising the court. I believe there are three specific areas to be addressed. One is the question of arbitrability, the second is the question of due process, and the third is the arguments relating to abuse of discretion in some of the court's rulings. As to the arbitrability clause, the court on June 17, 2020, I'm sorry yeah June 17, 2020 came down with this decision in Domino's Pizza case and Blanton and there the court specifically held that if a arbitration if there's an arbitration provision to in a contract that includes the American Arbitration Association the rules of the American Arbitration Association mandates that the question of arbitrability must be decided by the arbitrator and not by the courts. The collective bargaining agreement which is a reference in the employment agreement agreement dated April 10, 2017 makes reference to the arbitration provision found in the collective bargaining agreement with the command officers association as being the process to be used if there's a dispute as to the deputy chief being removed from his position. Mr. Oktar isn't there isn't there an issue a preliminary issue whether or not your client is was at the time a member of the collective bargaining unit? The answer is there is not an issue your honor my client was not a member of the collective bargaining unit the collective bargaining agreement. That's what I thought and therefore that from there we we surmise that he doesn't get to take advantage of the feature of that CBA that you reference the arbitration right? The response to that your honor is that his contract makes reference to the process to be used which is found in the collective bargaining agreement not the collective not the not the procedure but the process and the process is arbitration and under that provision of the contract the arbitration provision states any unresolved grievance having been fully processed so forth arbitration shall be invoked by filing a demand for arbitration with the American Arbitration Association or Federal Mediation Conciliation Service that's what's incorporated into his employment agreement. But that that excuse me that does not say that the American Arbitration Association's rules will apply does it? No it says that the arbitrate with the American Arbitration Association or Federal Mediation if you go with the American Arbitration Association you automatically are covered by their rules and have to follow them and the American Arbitration Association has specific rules relating to employment disputes and in those rules it states that the question of arbitrability is to be decided first by the arbitrator and then the substance of the dispute will be. Counselor didn't you go with the Federal Mediation Conciliation Service here and doesn't that that service say it it prohibits arbitrators from deciding questions of arbitrability isn't that correct? It's correct but the but the defendants never agreed to go to arbitration so they're saying he's not entitled at all so we still have the right to demand arbitration under Triple A or under Federal Mediation Conciliation. The mere fact that we tried to get the arbitration process rolling with their obstinance blocking everything that's the issue. The issue is whether or not he was entitled to go to arbitration and even if even if the court were to find that we selected Federal Mediation Conciliation it still gives him the right to go to arbitration. Now if you if you the contract specifically states that the contract is to be interpreted under the laws of the state of Michigan so now we have to take a look at arbitrability under Michigan law not under the Federal Arbitration Act as the court did below but under Michigan law and Michigan law says if you can conceivably read a contract to require arbitration then it's up to the arbitrator to decide even if it's common law arbitration forget about Federal Mediation or anything else even if it's common law arbitration or if it's arbitration. Here the your problem is that you could not get to arbitration and these are arguments that you're making to show why you should have. I guess the question for me is where was the error or the problem here? Why was your client not placed back into the bargaining unit as required? Is that the wrong that generated these problems as opposed to these questions of arbitrability and what applies? Yes but the the court below didn't raise that issue and the reason the court said he couldn't go to arbitration and the reason he was not entitled to 14th amendment due process is that he did not follow the four-step arbitration a four-step grievance arbitration process. Your position was that he could not that's correct the bargaining right and that's what we argued in our brief and then we argued in our brief below that he could not force the union to take his grievance he could not force the union to take his grievance and pay thousands of dollars in arbitration fees. The only thing that he was relying upon is his employment agreement that states the process within the command officer's disputes. It didn't say the grievance procedure it said the process and the process is arbitration. If I could direct our attention now to the due process argument which is as I understand it somewhat independent of arbitration. Are you on the procedural due process argument what right were you deprived of that you claim entitled you to procedural due process? Was it the termination or was it the suspension without pay for 10 months? Your honor the suspension without pay for 10 months is part and parcel of our due process claim but the real issue here is that on 14 occasions the city said that this is a laudermill hearing this is a laudermill process. When they say it's a laudermill process it comes with certain requirements and understandings. One of the understanding is that after the determination is made as a discipline there has to be a post-termination hearing. They have done everything they possibly can to stop my client from having a post-termination hearing which he's entitled to under section 5 of his employment agreement. They refuse to go to arbitration they refuse to after they say 14 times that this is a laudermill hearing they say oh no it's not a laudermill process he's not entitled to a post-termination hearing. So when you're talking now it seems to me that you're saying your concern is the post-termination hearing it is not the suspension without pay for 10 months. That's correct your honor that's our main argument that's our principal argument. Well are you arguing the suspension without pay or not? No because if we win our laudermill case we go to arbitration he's reinstated he'll get that money back. So you don't ask the court to decide that? The 14 months without pay no we're not asking the court to decide that. The next issue I see I only have 46 seconds left is the issues dealing with abuse of discretion and the main argument is they destroyed evidence that would exonerate my client. The court had that squirrelly before it and the court refused to even look at it in addition to the fact that we. What was the evidence that was destroyed? There was a video recording showing Lieutenant Mills talking to Hermanson the person who was allegedly assaulted and the video has disappeared. Was it not actually filed with the court before it was destroyed? No your honor what was filed with the court was the audio portion. The audio portion which my client was able to record himself on his cell phone when it was brought to his attention by another command officer. The command officer came into his office and said Matt you better look at this and it was a conversation where Hermanson said Matt did not assault him he was hurt being pulled out of the car and that was never given to the Oakland County Sheriff's Department and it has never been produced by the defendants. That tape recording down in the lockup has been destroyed your honor and all we have is the audio part that my client was able to capture on his cell phone at the suggestion of the command officer in charge of the detective bureau who know it's been destroyed. They didn't give it to the to the Macomb County Sheriff's Department. The Macomb County Sheriff's Department on a FOIA request gave us all the videos they have and in the initial disclosure rule 26 they gave us a video of Mr. Mills and my client talking at the far end of the booking room which is not picked up on that recording. It would be picked up on the recording that has been destroyed. How do you I'm still saying how do you know it was destroyed I'm not sure you answered that because you don't have it? Because we don't have it yes your honor. That makes you know that it was destroyed? We we have argued it several times and they have never said anything to the contrary. It was argued before the court twice. Okay argued to say what we need it and we don't have it and please please order it to be given to us. Is that an argument? And it was resolved by saying no too bad. Yes no they just ignored it. They didn't even respond. But I mean you could then you most move to compel. I had that before the court wanted to dismiss the lawsuit. Okay thank you. I see your time is up. We'll give you your rebuttal time. Thank you your honor. Appalese council. Yes good morning Rachel Battlementi. On behalf of Appalese the Warren Police Commissioner Dwyer, the City of Warren, and the Mayor of Warren Mayor Fouts. So to address the arbitrability question that was raised by Mr. Akhtar. His his principal focus seems to be on some mesh of the language between what the employment agreement says and what the collective bargaining agreement says. I think that it's very important that we actually look at what those agreements say. The contract the employment contract that Mr. Akhtar is referring to it's section five that he's looking at. That section does not say Mr. Nichols is entitled to arbitration under the AAA rules. It doesn't say that. It says that Mr. Nichols in the event of a dispute about anything termination demotion whatever. He will quote be afforded the rights provided in the WPCOA collective bargaining agreement for the purpose of determining whether he was properly removed or barred from returning to his position. Well isn't the problem with that that you informed plaintiff's counsel by email that Nichols was exempt from the CBA and was not entitled to the rights provided by it. So our position is that under this contract that that clause that section five clause is implicated in the event that the mayor terminates or demotes this individual. It does not deal with a disciplinary investigation and disciplinary proceeding. That contract that Mr. Nichols has. Is there another provision that does? Not in this contract. I thought there was a provision about if you were disciplined and of some sort right. There's another provision that speaks to that. It's just that section five. Just that section five. There's two paragraphs in that section five. You might be thinking of the other paragraph but but it's. Let's talk about the other paragraph then. Okay so it deals the two paragraphs deal with every scenario. So it deals with all action that could be taken by the mayor. The the rights that arise under the collective bargaining agreement because Mr. Nichols is exempt from the collective bargaining agreement. So under this contract they give him a singular right. He has the right in the event of action by the mayor which this was not. This was disciplinary action by the police commissioner. But in the event of action by the mayor where he's terminated demoted or or removed from his deputy commissioner position. He has the right then to go through and concedes. It's a right to the process in the WPCOA. The whole thing is inapplicable because this was an act was not an action by thoughts. Right and and so that is our argument in the district court. The district. So your argument then sorry to interrupt but your argument then is that nothing protects him from being fired completely from the force. Is that right? That's right. So under the city of Warren charter and under his employment contract he is expressly an at-will employee only. He holds that position at will. He is as soon as he takes that position just like the police commissioner himself he is subject to termination. When he signed the provision that if he is terminated or removed from that job he falls back into the bargaining unit. So that's in the event of a termination by the mayor which it says that the mayor if the mayor removes him. So there's two different sections. One section says in the event of a termination by the mayor he's entitled to the process under the collective bargaining agreement. In the event of a removal of him from his deputy commissioner position because that's an appointed position. So in the event the mayor appoints him or the police commissioner appoints him and the mayor decides you know what I made a mistake in appointing this individual. He needs to be back bumped down to a captain or a lieutenant. I'm going to put somebody else in the deputy commissioner position. So the mayor has this agreement with all of his appointees including a deputy commissioner position that that says that in the event that you know this isn't working that will just remove you and put you back to your old position. And so however that doesn't mean that you are forever exempt from any disciplinary action. And so that's why you see that second section in his employment agreement about the fact that the mayor can in fact terminate Mr. Nichols also. In the event of that termination he has a right to the process under the collective bargaining agreement. So while he's otherwise exempt from everything in the collective bargaining agreement he doesn't pay into the unit. He has some right to appeal a using that process. That process however does not as Mr. Akhtar indicates it does not provide for some absolute right to arbitrate a decision made by the mayor. That's not the question. The question is whether it what you just said is that either either termination or removal gives you this to the bargaining unit and you refuse to do that. No no he doesn't have to be returned to the bargaining unit. He has a right. No your argument is that you have made a contractual obligation for the processes of the bargaining unit and the collective bargaining agreement to be provided to someone who is not in that unit. Correct. And there is an agreement is that he will be returned and upon return then of course he has access to all of the claims that he could make pursuant to the grievance procedure. The union might decide not to take forward his grievance but but under labor law the people who are in the collective bargaining unit are those who are who have rights under the collective bargaining agreement. But the concern here is that you did not place him back into the unit so that he was capable of employing the rights that you say he has. Why wasn't it a procedural due process problem to fail to allow him to be in a unit so that he could avail himself of the procedural remedies that you had contractually promised him? So the distinction is that in this collective bargaining agreement there is a section 36d. 36d of the collective bargaining agreement indicates that although the deputy commissioner is exempt he has this singular right in the event that he is removed from his position. And so the collective bargaining agreement recognizes as does the memorandum of understanding that is in the record below recognizes that although this position is exempt there is this singular right to the grievance process. So you so you didn't actually the whole grievance process or just arbitration? The whole grievance process there is absolutely no provision and that's where Mr. Actor's problem is. There is absolutely no provision. There is no contractual language. There is nothing that can be relied on in this case to say that Mr. Nichols had some right to arbitration. He had a right to complain that his termination was wrong. It was done by the wrong person. It was done without you know the right reasons. He had a right to complain under the grievance. You have to be a member of the unit covered by the collective bargaining agreement in order to do that. But you wrote him and denied him the opportunity to return to that unit so that he could pursue that remedy. Yeah so isn't that correct? That is not correct. So when he requested to go back to the unit to pursue his remedies did you not tell him that he was exempt and was not I quote you entitled to the rights provided by the CBA? Yes our position has consistently been that he was not removed or terminated by the mayor and therefore section 5 of his employment agreement does not arise. However he had the right under not just his employment agreement but section 36 of the collective bargaining agreement gives him that singular right under the collective bargaining agreement. So I don't we don't have to return him back. He has expressed in the collective bargaining agreement the right to pursue the grievance process. He alone not us he chose not to do so. So tell more about that. Okay so what Mr. Akhtar did he was given a termination notice. He has a certain period of time to either pursue the article 26 process I'm sorry article 29 process of grieving that termination or any discipline just like anyone else who has such a right under the collective bargaining agreement. He did not take any action. He did not speak to the union. He did not serve a grievance with the union. He has access to the same ever has he never done it ever done it. He's cutting it here. We're at the sixth circuit. So what happened in this case was sort of unique judge in that before the termination was served on Mr. Nichols during that suspension process he filed a lawsuit. He did not go to the union and complain that the process was and when then he was terminated he simply amended his complaint. He did not again go to the union and file the process. He had that remedy according to him. I dispute it defendants dispute that that because the mayor didn't take action our position is he doesn't have his article 5 contractual remedy but the lower court said I'm going to assume in favor of the plaintiff that he does have a section 5 contractual remedy and that he could have gone to the collective bargaining unit and and followed that article 29 grievance process. The problem here is he didn't he didn't initiate the process. So let me here's my struggle. So what you're telling me is that you as a separate entity may enter a contractual agreement that binds the union to represent through the grievance procedure a person who is not a member of the unit. It would not have that ability judge but there is a memorandum of understanding that's in the record below and there is also in the collective bargaining agreement article 36 of that agreement recognizes this right this singular right for the deputy commissioner position and so no I would not the way that works though is that he is returned to a lieutenant I think that's the language in there it returned to a lieutenant's position and a lieutenant's position is within the bargaining unit so so it's actually the way it's the right to pursue a grievance right so that's not actually the way that it happens in fact we would be prohibited and the union would be prohibited from putting him into a lieutenant position because there are others in the bargaining unit waiting to rise up to that lieutenant position so a detective who who is next in line for the lieutenant position would would then have a grievable offense if Mr. Nichols was put immediately back to the lieutenant position so that that well well I understand where you're coming from that could never happen from a union perspective he could not well then they would it you contractually gave him a right you send him back you make him a member of the unit the guy who says no that's my job or you may be designated that but you don't get the current job because lieutenant is not a job it's also a title so were he given back the title and became a member of the unit then he could pursue this right except that he does not have the capacity to bind to go to a union and say um and I believe Mr. Actar argued this I'm outside the unit I'm not a member of your unit I'm not an officer anymore but I want you to run and work through the whole grievance procedure with me and I want arbitration the the problem with that is that that the way the National Labor Relations Act works is the unit is what is covered by the collective bargaining agreement by law you don't have to be a member of the union but you have to be within the unit because that's what the union owes its duty of fair representation to right as soon as he fell back into the unit the union would have owed him the duty of fair representation and would have had to process it doesn't mean they had to take it to arbitration but it meant they had to process it your failure to place him in to the unit deprived him of that duty you were going to give some answer for Judge Strange what were you going to say you only have a second left yes so so the answer Judge Strange is that that would be correct but for the collective bargaining agreement in this instance actually provides the remedy so he doesn't have to be a member because the collective bargaining agreement the unit of members the contract that they all agree to that governs allows for this process for the deputy commissioner position while in the same section 36 recognizing that he is otherwise exempt the deputy commissioner it's a weird special thing it's a weird special thing non-bargaining unit member gets this treatment that's exactly right because because Judge Cook the alternative would be that no matter what a deputy commissioner did he would not be subject to the disciplinary process there would be no way he he could have murdered someone during duty and he could have raped a for termination the best that a city could do why could you not terminate him because the rule that we're talking about is that you're entitled to the rights whether you are terminated for disciplinary reasons or removed you said that earlier no matter how you got there you may go through this process so he's terminated he is a member of the unit he grieves his termination so so i i didn't say actually that it applies to the disciplinary process what i said is that it applies to a termination or a discipline it applies in both instances expressed under section 5 it says whether the mayor terminates or the mayor demotes and removes him back to his position that the employment contract says specifically that he is at will that he can be terminated in fact it says right in that article 5 that there is no right under this contract to avoid termination of your employment and in fact that there is no right to have an arbitrator automatically come in and evaluate whether that was right or wrong that you get what you get according to this employment contract is the right to file a grievance and so that right had to come through a memorandum of understanding and then be incorporated into the collective bargaining agreement and it was the memorandum of understanding as part of the record below and it is part of article 36 in this particular collective bargaining agreement so you don't have a due process problem here because you have this unique caveat the party's contracted that this person in a deputy commissioner position while it is at will and you can be terminated that you do have a right to challenge that termination so we don't have just cause employment but why and i understand that but then why is your letter that came to plaintiff's counsel the statement that he is not entitled to rights provided by the cba because he is he does not have some all-encompassing right our position is under the employment agreement he has a right to the grievance process if the mayor acts if the mayor who is the subject of article 5 of the employment contract if the mayor terminates or the mayor removes because the mayor is the one who appointed but this individual in this position serves at the pleasure expressly under section 2 of his contract he serves at the pleasure of the mayor and the police commissioner in the instance that the mayor takes action against him article 5 is implicated of his contract and he gets those rights under the cba so if if what happens here is it was the police commissioner who removed him he has no rights under your position under our position the district court however said i'm going to take everything in the light most favorable to the plaintiff i'm going to say that article 5 applies regardless of who took the action because it's a termination or removal and so i'm going to say in the light most favorable to the plaintiff article 5 applies now let's analyze it that's what the district court did and when the district court did that analysis it found that the language of article 5 and the language of section 29 article 29 from the cba it doesn't provide some absolute right to arbitration it's a process mr actor just so then the question becomes how does one access the process you file you submit a grievance it's as simple as a letter that you submit to the union had the union rejected his grievance by saying that he was exempt then judge strange i could understand where you were coming from then how does one pursue a union remedy if the union is rejecting your your grievance i understand that position in this situation we never got there this particular plaintiff had filed a lawsuit he amended his lawsuit once he was terminated he never pursued his grievance remedy the only right of arbitration the only due process right that he is bringing before this court is arbitration the only way he gets to arbitration is through that grievance contractual process so what one cannot skip the entire grievance process and say i was that my due process was violated because i didn't get to arbitration you didn't pursue the process and counsel i know the time has expired and i with judge moore's permission yes i still have a question about the assuming he forewent arbitration as you argue the claims that he lodges here in this case with regard to the constitutional right to have a hearing that aspect of due process where does that where does that end up in your so so he was he was given although he's an at-will employee because he is entitled to this process this the warren police department conducted a full investigation and gave him the lot of mill hearing it did so with knowledge that he was entitled to this union remedy right so so it followed the standard procedure that the union's going to go back and look at when it goes through one steps one through four of the grievance process under farhat he is entitled to a post his lot of mill hearing the next step after farhat says he i'm sorry farhat says that unless in the absence of a contractual provision that he is entitled to and i'm going to quote farhat here that he is entitled to quote the opportunity a post deprivation hearing in this case this individual had that opportunity under the district court's interpretation of article 5 he had the right to go through the cba process that was whether the commissioner or the mayor so although i dispute it farhat says he's entitled to the opportunity for post termination review he had that here under the district court's interpretation of article 5 which says that no matter who all right so he every every aspect of the of the arguable due process procedural due process for right to hearing you say that was satisfied it was satisfied because he had under under this interpretation that that we're all bringing right in this appeal he had that opportunity under the collective bargaining provision avail himself to that opportunity i got here's here's my question you say that you disagreed with that but that's what the district court said below that that was where his remedy was but factually at the time that the events occurred you told him he had no right because that was your position at that time and the court subsequently said no he really did have something so if you the satisfaction of ladder mills requirement even if the court later saw it a different way at the time the events occurred didn't you deny him a ladder mill hearing your honor the union your position at that time no the union the city of warren and the defendant at the time which was in the city of warren we took a position we the city took a position on how his contract was interpreted he did not pursue any remedy with the union the union is an independent entity it is not a party to this action and you took the position that he could not pursue it the city of warren in litigation through me as council indicated to mr aktar as council what our view of the law was because we were in litigation mr nichols and his council however we're not constrained by my interpretation there is a separate council for the union there are union representatives with the coa that the warren police commissioner i think that i think that gets to the nubbin of where we are thank you thank you thank you very much for your argument i think there's a little bit of time for rebuttal uh mr aktar you're yeah thank you can you hear me yes okay uh your honor first of all the chief of police can recommend to the mayor disciplinary action there is not one document that the defendants can point the court to that says in this instance with this deputy commissioner that the chief of police has the authority to overrule the contract entered into between the city the mayor and my client that contract which was ratified by the city states that only the mayor can take punitive action against my client okay and if that's your position let's say you're saying the mayor did did take the action that the mayor was the one who terminated that's your you say only because no no your honor the mayor took no action as far as far as the value of what you're arguing what's the value the value is that my client absent a decision by the mayor is still a city employee oh all right where where is it the contract isn't that only the mayor can act section one which states terms the deputy commissioner is appointed by the mayor of the city of warren and he shall serve at the pleasure of the mayor he may be terminated at any time and for any reason without cause and without prior notice this agreement shall govern the terms and conditions of his employment during which time he serves in such capacity in the event the mayor in the event the mayor decides that the services of the employee are no longer needed in this appointed position for any reason or no reason at all the employee shall have the right to return if he so chooses this is his to chooses to his former position the mayor only the mayor has the right to appoint and to terminate as far as we're concerned he's still a city employee and that issue has not been addressed by the court now i don't see that argument in your brief i don't see that argument at all in your brief is that there oh yes it is we we still an important we argued that uh only the mayor and not the chief uh the commissioner can terminate his employment under this contract i think i spent two pages on that issue now the the uh the contract the collective bargaining agreement states that you have to invoke arbitration within 20 days we did that you did not hear the defendants say we didn't finally file for arbitration because we did so uh they can't come back later on and say that they didn't uh just let me step back for a minute i i've for 50 years i've been involved in law enforcement 20 years as a police officer detective and 10 of those years as a president of the union when i retired from wayne county sheriff's department i became a labor attorney representing cops i have never seen anything so egregious in my whole life as taking a 17 year veteran command officer deputy commissioner and throwing his career in the garbage can because the police commissioner could not get the mayor to let him appoint his own deputy commissioner and that that's where we're at i mean this poor man has suffered tremendously and you know i feel like alex walking through the looking glass and being confronted by the mad hatter on the arguments that we get from the other side throughout this litigation my client deserves justice thank you thank you both for your argument the case will be submitted and you may disconnect from the video thank you again thank you